**STATISTICAL INFORMATION ONLY: Debtor must select the number of each of the following items included in the Plan.**

| | | | | | |
|---|---|---|---|---|---|
| 0 | Valuation of Security | 0 | Assumption of Executory Contract or Unexpired Lease | 0 | Lien Avoidance |

**Last revised: December 1, 2017**

# UNITED STATES BANKRUPTCY COURT
# DISTRICT OF NEW JERSEY

In Re:  
Lillian Rodriguez-Mayor

Case No.: _____16-23254_____

Judge: _____Gambardella_____

Debtor(s)

## Chapter 13 Plan and Motions

☐ Original    ☐ Modified/Notice Required    Date: __11 January 2018__

☐ Motions Included    ☒ Modified/No Notice Required

THE DEBTOR HAS FILED FOR RELIEF UNDER
CHAPTER 13 OF THE BANKRUPTCY CODE

**YOUR RIGHTS MAY BE AFFECTED**

You should have received from the court a separate *Notice of the Hearing on Confirmation of Plan*, which contains the date of the confirmation hearing on the Plan proposed by the Debtor. This document is the actual Plan proposed by the Debtor to adjust debts. You should read these papers carefully and discuss them with your attorney. Anyone who wishes to oppose any provision of this Plan or any motion included in it must file a written objection within the time frame stated in the *Notice*. Your rights may be affected by this plan. Your claim may be reduced, modified, or eliminated. This Plan may be confirmed and become binding, and included motions may be granted without further notice or hearing, unless written objection is filed before the deadline stated in the Notice. The Court may confirm this plan, if there are no timely filed objections, without further notice. See Bankruptcy Rule 3015. If this plan includes motions to avoid or modify a lien, the lien avoidance or modification may take place solely within the chapter 13 confirmation process. The plan confirmation order alone will avoid or modify the lien. The debtor need not file a separate motion or adversary proceeding to avoid or modify a lien based on value of the collateral or to reduce the interest rate. An affected lien creditor who wishes to contest said treatment must file a timely objection and appear at the confirmation hearing to prosecute same.

THIS PLAN:

☐ DOES ☒ DOES NOT CONTAIN NON-STANDARD PROVISIONS. NON-STANDARD PROVISIONS MUST ALSO BE SET FORTH IN PART 10.

☐ DOES ☒ DOES NOT LIMIT THE AMOUNT OF A SECURED CLAIM BASED SOLELY ON VALUE OF COLLATERAL, WHICH MAY RESULT IN A PARTIAL PAYMENT OR NO PAYMENT AT ALL TO THE SECURED CREDITOR. SEE MOTIONS SET FORTH IN PART 7, IF ANY.

☐ DOES ☒ DOES NOT AVOID A JUDICIAL LIEN OR NONPOSSESSORY, NONPURCHASE-MONEY SECURITY INTEREST. SEE MOTIONS SET FORTH IN PART 7, IF ANY.

Initial Debtor(s)' Attorney: __vdc__    Initial Debtor: __lrm__    Initial Co-Debtor: _____

| **Part 1:** | **Payment and Length of Plan** |
|---|---|

a. The debtor shall pay $ _____125.00_____ per _____month_____ to the Chapter 13 Trustee, starting on _____1 February 2018_____ for approximately _____42_____ months.

b. The debtor shall make plan payments to the Trustee from the following sources:

☒ Future earnings

☐ Other sources of funding (describe source, amount and date when funds are available):

c. Use of real property to satisfy plan obligations:

☐ Sale of real property
Description:
Proposed date for completion: _____

☐ Refinance of real property:
Description:
Proposed date for completion: _____

☒ Loan modification with respect to mortgage encumbering property:
Description: 168 Sherman Avenue, Glen Ridge, NJ 07028
Proposed date for completion: _____completed_____

d. ☐ The regular monthly mortgage payment will continue pending the sale, refinance or loan modification.

e. ☐ Other information that may be important relating to the payment and length of plan:

| **Part 2:** | **Adequate Protection** ☐ **NONE** |
|---|---|

     a.  Adequate protection payments will be made in the amount of $ _____ to be paid to the Chapter 13 Trustee and disbursed pre-confirmation to _____ (creditor).

     b.  Adequate protection payments will be made in the amount of $ __2,542.00__ to be paid directly by the debtor(s) outside the Plan, pre-confirmation to: ___Cenlar Loan Administration___ (creditor).

| **Part 3:** | **Priority Claims (Including Administrative Expenses)** |
|---|---|

a.  All allowed priority claims will be paid in full unless the creditor agrees otherwise:

| Creditor | Type of Priority | Amount to be Paid |
|---|---|---|
| CHAPTER 13 STANDING TRUSTEE | ADMINISTRATIVE | AS ALLOWED BY STATUTE |
| ATTORNEY FEE BALANCE | ADMINISTRATIVE | BALANCE DUE: $ 0.00 |
| DOMESTIC SUPPORT OBLIGATION | None | |

b.  Domestic Support Obligations assigned or owed to a governmental unit and paid less than full amount:
Check one:

☒ None

☐ The allowed priority claims listed below are based on a domestic support obligation that has been assigned to or is owed to a governmental unit and will be paid less than the full amount of the claim pursuant to 11 U.S.C.1322(a)(4):

| Creditor | Type of Priority | Claim Amount | Amount to be Paid |
|---|---|---|---|
| | Domestic Support Obligations assigned or owed to a governmental unit and paid less than full amount. | | |

**Part 4:    Secured Claims**

a.  **Curing Default and Maintaining Payments on Principal Residence:** ☐ **NONE**

The Debtor will pay to the Trustee (as part of the Plan) allowed claims for arrearages on monthly obligations and the debtor shall pay directly to the creditor (outside the Plan) monthly obligations due after the bankruptcy filing as follows:

| Creditor | Collateral or Type of Debt | Arrearage | Interest Rate on Arrearage | Amount to be Paid to Creditor (In Plan) | Regular Monthly Payment (Outside Plan) |
|---|---|---|---|---|---|
| Cenlar Loan | Mortgage 168 Sherman Avenue, Glen Ridge, NJ | $0.00 | 0 | $0.00 | $2,542.00 |

b.  **Curing and Maintaining Payments on Non-Principal Residence & other loans or rent arrears:** ☐ **NONE**

The Debtor will pay to the Trustee (as part of the Plan) allowed claims for arrearages on monthly obligations and the debtor will pay directly to the creditor (outside the Plan) monthly obligations due after the bankruptcy filing as follows:

| Creditor | Collateral or Type of Debt | Arrearage | Interest Rate on Arrearage | Amount to be Paid to Creditor (In Plan) | Regular Monthly Payment (Outside Plan) |
|---|---|---|---|---|---|
|  |  |  |  |  |  |

c.  **Secured claims excluded from 11 U.S.C. 506:** ☒ **NONE**

The following claims were either incurred within 910 days before the petition date and are secured by a purchase money security interest in a motor vehicle acquired for the personal use of the debtor(s), or incurred within one year of the petition date and secured by a purchase money security interest in any other thing of value:

| Name of Creditor | Collateral | Interest Rate | Amount of Claim | Total to be Paid through the Plan Including Interest Calculation |
|---|---|---|---|---|
|  |  |  |  |  |

**d. Requests for valuation of security, Cram-down, Strip Off & Interest Rate Adjustments** ☒ **NONE**

1.) The debtor values collateral as indicated below. If the claim may be modified under Section 1322(b)(2), the secured creditor shall be paid the amount listed as the "Value of the Creditor Interest in Collateral," plus interest as stated. The portion of any allowed claim that exceeds that value shall be treated as an unsecured claim. If a secured claim is identified as having "NO VALUE" it shall be treated as an unsecured claim.

**NOTE: A modification under this Section ALSO REQUIRES
the appropriate motion to be filed under Section 7 of the Plan.**

| Creditor | Collateral | Scheduled Debt | Total Collateral Value | Superior Liens | Value of Creditor Interest in Collateral | Annual Interest Rate | Total Amount to be Paid |
|---|---|---|---|---|---|---|---|
|  |  |  |  |  |  |  |  |

2.) Where the Debtor retains collateral and completes the Plan, payment of the full amount of the allowed secured claim shall discharge the corresponding lien.

**e. Surrender** ☒ **NONE**

Upon confirmation, the stay is terminated as to surrendered collateral only under 11 U.S.C. 362(a) and that the stay under 11 U.S.C 1301 be terminated in all respects. The Debtor surrenders the following collateral:

| Creditor | Collateral to be Surrendered | Value of Surrendered Collateral | Remaining Unsecured Debt |
|---|---|---|---|
|  |  |  |  |

**f. Secured Claims Unaffected by the Plan** ☒ **NONE**

The following secured claims are unaffected by the Plan:

| g. Secured Claims to be Paid in Full Through the Plan: ☒ NONE ||| 
|---|---|---|
| Creditor | Collateral | Total Amount to be Paid Through the Plan |
|  |  |  |

**Part 5:  Unsecured Claims  ☐ NONE**

a. **Not separately classified** allowed non-priority unsecured claims shall be paid:

☐ Not less than $ _____ to be distributed *pro rata*

☐ Not less than _____ percent

☒ *Pro Rata* distribution from any remaining funds

b. **Separately classified unsecured** claims shall be treated as follows:

| Creditor | Basis for Separate Classification | Treatment | Amount to be Paid |
|---|---|---|---|
|  |  |  |  |

**Part 6:  Executory Contracts and Unexpired Leases  ☐ NONE**

(NOTE:  See time limitations set forth in 11 U.S.C. 365(d)(4) that may prevent assumption of non-residential real property leases in this Plan.)

All executory contracts and unexpired leases, not previously rejected by operation of law, are rejected, except the following, which are assumed:

| Creditor | Arrears to be Cured in Plan | Nature of Contract or Lease | Treatment by Debtor | Post-Petition Payment |
|---|---|---|---|---|
| Regional Acceptance Corporation |  | Vehicle Loan | Loan term has expired and vehicle to be returned within 30 days | $1,092.67 |

| **Part 7:** | **Motions** ☒ **NONE** |
|---|---|

**NOTE: All plans containing motions must be served on all potentially affected creditors, together with local form, *Notice of Chapter 13 Plan Transmittal*, within the time and in the manner set forth in D.N.J. LBR 3015-1. A *Certification of Service, Notice of Chapter 13 Plan Transmittal and valuation* must be filed with the Clerk of Court when the plan and transmittal notice are served.**

a. **Motion to Avoid Liens Under 11. U.S.C. Section 522(f).** ☐ **NONE**

The Debtor moves to avoid the following liens that impair exemptions:

| Creditor | Nature of Collateral | Type of Lien | Amount of Lien | Value of Collateral | Amount of Claimed Exemption | Sum of All Other Liens Against the Property | Amount of Lien to be Avoided |
|---|---|---|---|---|---|---|---|
|  |  |  |  |  |  |  |  |

b. **Motion to Avoid Liens and Reclassify Claim from Secured to Completely Unsecured.** ☒ **NONE**

The Debtor moves to reclassify the following claims as unsecured and to void liens on collateral consistent with Part 4 above:

| Creditor | Collateral | Scheduled Debt | Total Collateral Value | Superior Liens | Value of Creditor's Interest in Collateral | Total Amount of Lien to be Reclassified |
|---|---|---|---|---|---|---|
|  |  |  |  |  |  |  |

**c. Motion to Partially Void Liens and Reclassify Underlying Claims as Partially Secured and Partially Unsecured.** ☒ **NONE**

The Debtor moves to reclassify the following claims as partially secured and partially unsecured, and to void liens on collateral consistent with Part 4 above:

| Creditor | Collateral | Scheduled Debt | Total Collateral Value | Amount to be Deemed Secured | Amount to be Reclassified as Unsecured |
|---|---|---|---|---|---|
|  |  |  |  |  |  |

**Part 8:    Other Plan Provisions**

**a. Vesting of Property of the Estate**

☐ Upon confirmation

☒ Upon discharge

**b. Payment Notices**

Creditors and Lessors provided for in Parts 4, 6 or 7 may continue to mail customary notices or coupons to the Debtor notwithstanding the automatic stay.

**c. Order of Distribution**

The Standing Trustee shall pay allowed claims in the following order:

1) Ch. 13 Standing Trustee commissions
2) Unsecured Creditors
3) _____
4) _____

**d. Post-Petition Claims**

The Standing Trustee ☐ is, ☒ is not authorized to pay post-petition claims filed pursuant to 11 U.S.C. Section 1305(a) in the amount filed by the post-petition claimant.

| **Part 9:** | **Modification**  ☐ **NONE** |
|---|---|

If this Plan modifies a Plan previously filed in this case, complete the information below.

Date of Plan being modified: _____31 October 2016_____.

| Explain below **why** the plan is being modified: | Explain below **how** the plan is being modified: |
|---|---|
| Reduction in income. | Less payment per month. |

Are Schedules I and J being filed simultaneously with this Modified Plan?    ☒ Yes    ☐ No

| **Part 10:** | **Non-Standard Provision(s): Signatures Required** |
|---|---|

Non-Standard Provisions Requiring Separate Signatures:

☒ NONE

☐ Explain here:

Any non-standard provisions placed elsewhere in this plan are void.

The Debtor(s) and the attorney for the Debtor(s), if any, must sign this Certification.

I certify under penalty of perjury that the plan contains no non-standard provisions other than those set forth in this final paragraph.

Date: 11 January 2018                     /s/ Vincent D. Commisa
                                          Attorney for the Debtor

Date: 11 January 2018                     /s/ Lillian Rodriguez-Mayor
                                          Debtor

Date: _____             _____
                                          Joint Debtor

**Signatures**

The Debtor(s) and the attorney for the Debtor(s), if any, must sign this Plan.

Date: 11 January 2018                                     /s/ Vincent D. Commisa
                                                          Attorney for the Debtor

I certify under penalty of perjury that the above is true.

Date: 11 January 2018                                     /s/ Lillian Rodriguez-Mayor
                                                          Debtor

Date: _____                                 _____
                                                          Joint Debtor

```
                           United States Bankruptcy Court
                                District of New Jersey
In re:                                                          Case No. 16-23254-RG
Lillian Rodriguez-Mayor                                         Chapter 13
         Debtor
                                 CERTIFICATE OF NOTICE
District/off: 0312-2        User: admin                 Page 1 of 2          Date Rcvd: Jan 12, 2018
                            Form ID: pdf901             Total Noticed: 21


Notice by first class mail was sent to the following persons/entities by the Bankruptcy Noticing Center on
Jan 14, 2018.
db             +Lillian Rodriguez-Mayor,    168 Sherman Avenue,    Glen Ridge, NJ 07028-1516
516388458      ++BANK OF AMERICA,    PO BOX 982238,    EL PASO TX 79998-2238
                 (address filed with court: Bank of America,    PO Box 982238,    El Paso, TX 79998)
516388459      +Comenity Bank,    4590 E. Broad Street,    Columbus, OH 43213-1301
516388460      +First Premier Bank,    601 S. Minnesota Avenue,    Sioux Falls, SD 57104-4868
516451996      +HomeBridge Financial Services, Inc.,    Cenlar FSB,    425 Phillips BLVD,    Ewing, NJ 08618-1430
516388463      +NJ State Division of Pensions,    50 West State Street,    Trenton, NJ 08608-1220
516388467      +The Bureaus Inc.,    1717 Central Street,    Evanston, IL 60201-1507
516499643      +Vascular Epicenter,    c/o Pressler and Pressler, LLP.,    7 Entin Road,
                 Parsippany NJ 07054-5020

Notice by electronic transmission was sent to the following persons/entities by the Bankruptcy Noticing Center.
smg             E-mail/Text: usanj.njbankr@usdoj.gov Jan 12 2018 23:40:53      U.S. Attorney,    970 Broad St.,
                 Room 502,    Rodino Federal Bldg.,    Newark, NJ  07102-2534
smg            +E-mail/Text: ustpregion03.ne.ecf@usdoj.gov Jan 12 2018 23:40:50      United States Trustee,
                 Office of the United States Trustee,    1085 Raymond Blvd.,    One Newark Center,    Suite 2100,
                 Newark, NJ 07102-5235
516293443       E-mail/PDF: EBN_AIS@AMERICANINFOSOURCE.COM Jan 13 2018 00:00:57
                 American InfoSource LP as agent for,    Spot Loan,    PO Box 248838,
                 Oklahoma City, OK  73124-8838
516471206      +E-mail/PDF: PRA_BK2_CASE_UPDATE@portfoliorecovery.com Jan 12 2018 23:54:58
                 Bureaus Investment Group Portfolio No 15 LLC,    c/o PRA Receivables Management, LLC,
                 PO Box 41021,    Norfolk, VA 23541-1021
516388462       E-mail/Text: BankruptcyNotices@aafes.com Jan 12 2018 23:40:20      Military Star,
                 PO Box 650410,    Dallas, TX 75236
516510503       E-mail/Text: BankruptcyNotices@aafes.com Jan 12 2018 23:40:21
                 Army & Air Force Exchange Services,    Attention: GC-G,    3911 S. Walton Walker Blvd,
                 Dallas, TX 75236
516281315      +E-mail/Text: kzoepfel@credit-control.com Jan 12 2018 23:40:54      Central Loan Administration,
                 425 Phillips Blvd,    Ewing, NJ 08618-1430
516388464      +E-mail/Text: bankruptcy@onlineis.com Jan 12 2018 23:41:19      On Line Collections,
                 PO Box 1489,    Winterville, NC 28590-1489
516508423      +E-mail/Text: JCAP_BNC_Notices@jcap.com Jan 12 2018 23:41:06      Premier Bankcard, Llc,
                 c o Jefferson Capital Systems LLC,    Po Box 7999,    Saint Cloud Mn 56302-7999
516281316      +E-mail/PDF: RACBANKRUPTCY@BBANDT.COM Jan 12 2018 23:54:07      Regional Acceptance Co.,
                 621 W. Newport Pike,    Wilmington, DE 19804-3235
516308631       E-mail/PDF: RACBANKRUPTCY@BBANDT.COM Jan 12 2018 23:54:07      Regional Acceptance Corporation,
                 PO Box 1847,    Wilson, NC 27894-1847
516388466      +E-mail/Text: clientservices@simonsagency.com Jan 12 2018 23:41:32      Simons Agency Inc.,
                 4963 Wintersweet Drive,    Liverpool, NY 13088-2176
516410992       E-mail/PDF: rmscedi@recoverycorp.com Jan 12 2018 23:54:39      The Bureaus, Inc.,
                 c/o of Recovery Management Systems Corp,    25 S.E. 2nd Avenue, Suite 1120,
                 Miami, FL 33131-1605
                                                                                              TOTAL: 13

            ***** BYPASSED RECIPIENTS (undeliverable, * duplicate) *****
516388461*     +First Premier Bank,    601 S Minnesota Avenue,    Sioux Falls, SD 57104-4868
516388465*     +Regional Acceptance Co.,    621 W. Newport Pike,    Wilmington, DE 19804-3235
                                                                                 TOTALS: 0, * 2, ## 0

Addresses marked '+' were corrected by inserting the ZIP or replacing an incorrect ZIP.
USPS regulations require that automation-compatible mail display the correct ZIP.

Transmission times for electronic delivery are Eastern Time zone.

Addresses marked '++' were redirected to the recipient's preferred mailing address
pursuant to 11 U.S.C. 342(f)/Fed.R.Bank.PR.2002(g)(4).
```

**I, Joseph Speetjens, declare under the penalty of perjury that I have sent the attached document to the above listed entities in the manner shown, and prepared the Certificate of Notice and that it is true and correct to the best of my information and belief.**

**Meeting of Creditor Notices only (Official Form 309): Pursuant to Fed. R. Bank. P. 2002(a)(1), a notice containing the complete Social Security Number (SSN) of the debtor(s) was furnished to all parties listed. This official court copy contains the redacted SSN as required by the bankruptcy rules and the Judiciary's privacy policies.**

Date: Jan 14, 2018                              Signature:  /s/Joseph Speetjens

```
District/off: 0312-2          User: admin                  Page 2 of 2                  Date Rcvd: Jan 12, 2018
                              Form ID: pdf901              Total Noticed: 21
```

## CM/ECF NOTICE OF ELECTRONIC FILING

```
The following persons/entities were sent notice through the court's CM/ECF electronic mail (Email)
system on January 11, 2018 at the address(es) listed below:
              Denise E. Carlon    on behalf of Creditor    HomeBridge Financial Services, Inc.
               dcarlon@kmllawgroup.com, bkgroup@kmllawgroup.com
              Marie-Ann Greenberg    magecf@magtrustee.com
              Vincent Commisa    on behalf of Debtor Lillian Rodriguez-Mayor vcommisa@vdclaw.com
                                                                                          TOTAL: 3
```